Good morning, Illinois Appellate Court, 1st District Court is now in session, the 3rd Division. The Honorable Justice Nathaniel House presiding, case number 1-8-0-8-2-1, People v. Jose Resendiz. Resendiz. Good morning, everyone. My name is Nathaniel House. I'm a judge on the Illinois Appellate Court and presiding over this case with me are Justices Margaret McBride and Eileen Burke. This case is being heard via Zoom because of the COVID crisis. And because we're doing it via Zoom, we're going to change our procedure a little bit. We're going to allow each side 10 minutes uninterrupted presentation followed by questions of the Justices beginning with the Appellant. Will the parties who are going to make a presentation please state their names and the parties that they represent. Good morning, Your Honors. Oh, I apologize. Lauren Bowser from the State Appellate Defender on behalf of Jose Resendiz. Karina McGonigal-Wakeley representing the people of the state of Illinois. Good morning. Good morning. Morning. Do either of you have any questions about how we're going to proceed? We're going to allow a short rebuttal by the Appellant after the questioning by the judges. Does anyone have any questions about how we're going to proceed? Okay, we have another case coming up. We're usually flexible with time, but we're going to keep you pretty close to your time limit so we can not be rude to the case that's following yours. Okay, with that we can begin. Ms. Bowser, you may proceed when you're ready. Thank you. May it please the Court. At issue in this case is whether, under the low pleading standard applicable to first-stage post-conviction petitions, Jose Resendiz's factual allegations set forth an arguable due process violation. Resendiz alleged that his guilty plea was involuntary where neither the interpreter nor his attorney explained to him in Spanish the nature of his guilty plea. He further alleged that it was never explained to him in Spanish, that he could withdraw his guilty plea and appeal his case. Because an involuntary guilty plea and the failure to accurately translate criminal proceedings for a non-speaking English defendant implicate the constitutional right to due process, his claim is arguable in both fact and law. Specifically, Mr. Resendiz alleged that during the court proceedings, my lawyer or interpreter did not adequately explain what was being said. They did not adequately explain to me in Spanish what the guilty plea was, did not explain I could file a motion to withdraw my plea bargain or my right to an appeal. He also alleged that the record in this case discloses only the presence of a translator and does not reflect what the translator said to him or what he said to the defendant or to the translator. Therefore, nothing in the record rebuts his claim that the translations were not adequately made to him. Applying the well-established first stage post-conviction principles to these factual allegations, they are sufficient to advance the claim to the second stage of proceedings. As we know, the trial court must assume the facts presented in the petition are true and post-conviction petitions frequently implicate matters outside of the record. It is not the intention of the act that we adjudicate those types of claims on the pleadings and any credibility determinations about the reliability of the allegations should not take place until a third stage evidentiary hearing. So applying those principles to the allegations here, the case should not have been dismissed at the pleading stage. And I would point out that the Alfaro case discussed in the briefs is instructive on this point. It was a case where a defendant made similar allegations about his guilty plea and that the plea proceedings were not properly translated for him. And like in this case, the record reflects only the presence of a translator, doesn't reflect what was being said. And the appellate court there declined to assume that the translations were accurate in those circumstances. The court said that where the degree and accuracy of the translations have been called into question, our normal assumptions that translations have been correctly made can't justify the denial of evidentiary hearing on those claims. So in that case where the defendant's allegations that the improperly translated information went to the heart of his due process rights, the court there said that his petition should not have been summarily dismissed before an evidentiary hearing. And we would ask the court to make the same finding in this case. At this pleading stage, he's pledged sufficient facts to advance the petition to the second stage. Thank you. Thank you. Justice McBride, do you have any questions? I do. Ms. Bowser, you've read the record, haven't you? Yes. And the record indicates a rather lengthy discussion between the defendant and the trial judge, and a discussion before the plea proceedings because the matter was set for trial. Is that correct? Correct. Are you contesting that the record is incorrect as far as what the judge asked your client? No. Are you suggesting then that in every criminal case going forward that we need another person to transcribe into Spanish the questions an interpreter translates? No, Your Honor. And what are you proposing? El Faro was quite different. All I'm proposing is that when a defendant raises an allegation about something that we cannot confirm on the record, the case needs to advance to an evidentiary hearing to allow a lawyer to have an evidentiary hearing on those claims. This is similar to cases in which a defendant alleges... So I still don't understand. ...off the record that we can't determine whether... I still don't understand. You know that interpreters are bound by a code of conduct, don't you? Correct. By state statute. You know that a court has to supply an interpreter whenever a defendant, whenever it appears either on the court's motion or the defense, that interpreter is required. Yes.  Correct. Okay, so does this record reflect the questions that were asked by the judge, the answers that were given by the defendant? Does the record accurately reflect that or not? We don't know. We can't tell from the record because we don't have what was sent to Mr. Resendez. We only have what was reported. I have to go back to what I originally asked. Are you suggesting that in court proceedings that we need a Spanish interpreter interpreting what the Spanish interpreter is saying and that we need a court reporter to transcribe the Spanish interpreter's questions so that we can satisfy you for purposes of this appeal? Well, certainly not. I don't think that this comes up all that often. Alfaro is a 1992 case. Do we have some floodgates of people coming in and saying things were not interpreted correctly? But we have a case here where this defendant has made that allegation. And again, the Post-Convention Hearing Act. He's made it in the face of a record. And I do believe that there would be a floodgate if we were to agree with your contention. Because what you're suggesting is that unless the record reflects a Spanish interpreter's questions reported by another interpreter and that they all be typed up so that the record will reflect the questions that were asked, every case should actually proceed in that fashion. Because you're alleging a due process violation based on your suggestion that if a defendant or petitioner says it wasn't translated to me, then every case should be reversed. Well, of course, we do take his allegations as true. And if we want to make sure that no defendant can ever make this claim, I suppose certainly we could translate. But I don't think that is required. I think we just have to take these allegations as true. And he has to have a legal basis in law for the allegations. He can't just say, oh, I don't understand things. Here, he was specifically alleging that he wasn't properly advised about his rights. Right. His appeal. But the record shows what the judge said in English. And there was quite a bit of back and forth. In fact, the defendant was very concerned about the time that he was going to get for time credit, for time that he served. Wasn't that in the record? It was. It's in the back and forth reflects, I think, a lot of confusion on his part, too. He wasn't clear on a lot of jurors were in the courtroom. He didn't. He wanted to go with a bench trial. He wanted to. This doesn't. This is a defendant who said yes, yes, yes, yes, yes, in response to all the court's questions and clearly wanted to feel guilty and then later changed his mind. He was very confused about what was going on. And do we know whether that's because that translations were confusing to him? We don't really know why. Because we don't know how. What would you say showed confusion? Well, he was confused about the amount of time he was going to get. He was confused about, again, when he was asking about whether he could go back between a jury and a bench trial before he decided to plead guilty, that he was confused about how that decision was made. Even after the plea, he was confused about waiving the PSI. Counsel said, I explained this to him, but he was still not really sure what that meant. So we really he really was expressing confusion throughout this process. He wasn't just. That's your that's your that's your take on it. How many things that you know, his back. Have you ever participated in? Excuse me. Have you ever participated in a plea of guilty as a trial attorney? Yes. Yes, Your Honor. Well, so you believe that this plea proceeding reflects a complete misunderstanding on his part? No, not at all, Your Honor. Not at all. This is a post-conviction petition. And we look at the allegations and we decide whether. I'm sorry, go ahead. Yeah. Well, if the record refutes the allegations, the court can dismiss, the trial court can dismiss the petition. Is that right? Correct. All right. I don't have any other questions. Thank you. Justice Byrd, do you have any questions? Ms. Bowser, you've asked for the remedy today of an evidentiary hearing. If this was dismissed at the first stage pro se, right? Correct. So are you asking us to bypass the second stage and give him a hearing? No, no, Your Honor. We're asking for remand for second stage proceedings where he'll be assigned an attorney who can help him develop the claims, you know, maybe inquiring exactly what he was unsure about, you know, amend the petition if necessary, allow the state to respond. I was just citing the cases that discuss evidentiary hearings as a general proposition of post-conviction law that these kind of factual, you know, credibility determinations can't be made until an evidentiary hearing. We're only asking for remand for second stage. Thank you for clarifying. All right. Ms. Bowser, I want to get back to the point that Justice McBride was making. The Farrell case and the other cases where they found that the interpreter was inadequate. There's something in the record which would indicate that there's something wrong. Would this court be the first one to hold that the interpreter was inadequate when there's absolutely nothing in the record? And in addition to nothing in the record showing that the interpreter was inadequate, there's the additional factor, the record reflects that the defendant's attorney also spoke Spanish and did not distinguish Alfaro from the other case, from this case? Alfaro, the Alfaro case didn't mention that the attorney didn't speak Spanish, but there's nothing in the record here suggesting the attorney was getting involved in doing translating on behalf of the defendant. She notes on the record, I explained the state's offer to him, but we, you know, she didn't say, oh, I'm doing the translating of your admonitions, judge, about his right to appeal. I mean, that's just not what we have here. So the fact that an attorney speaks Spanish does not mean that she was stepping in and doing translation or that, you know, we don't know anything about how fluent she is. We don't know that she was, you know, would have been paying attention and jumping in to correct technical translation on behalf of, you know, the translator. So I just don't think the record, you know, indicating that the defense lawyer speaks Spanish, refutes his allegations that these specific things about his plea were not translated to him. And the second part, the first part of your question was, would you be the first court to hold that an allegation without more in the record would be enough to advance it? Yes, because there's nothing in the record to indicate there's anything wrong with the interpreter. Would this, you know, be the first case where we hold that the due process rights were violated when there's nothing in the record to indicate the interpreter was inadequate? I mean, I guess I would just, again, point out that at the first stage, we take the allegations as true unless rebutted by the record. Not we take them as, you know, reject them unless, you know, not supported by the record. So I think here we don't have anything that affirmatively rebutts the fact that he is saying these translations do not accurately explain these things to him. So we don't need support in the record. We just need the record not to rebut the claim at this stage. Well, you know, you'd be given a pure interpretation of the first stage post conviction, but isn't that correct? And if we do that in every case where there's an interpreter, then any defendant can later come along and say, I didn't understand the interpreter was incorrect and move on to the second stage. Every single case. Isn't that true? I mean, I think it definitely depends on the nature of what he's explaining or what he's alleging wasn't explained to him. Now, there are some allegations even in this petition about, oh, they didn't also explain the evidence to me and how that evidence, you know, affected my, my confession. I mean, that's not a cognizable legal claim. The only reason that, you know, these allegations need a hearing is because he's specifically alleging that he wasn't explained important things about his pleading guilty and his rights to appeal the claim. So there has to be an arguable basis in fact and law. Just taking the claims, the facts is true. Doesn't mean there's always going to be a legal basis to advance the claim. All right. I don't have any other questions. Justice McBride, Justice Burke, anything else? I have a follow-up. Based on this record, would there ever be a challenge to this plea for an English-speaking person? Based on this record? Yes. Yeah. I think that's just premature though, because he didn't get the opportunity to file the post-plea motion where he would have had an attorney to discuss with him why you want to withdraw your plea. So these are pro se allegations, but at this point, you can't. You don't even suggest that there was a violation of Supreme Court Rule 402. You never even argued that in your brief. Not one specific suggestion that 402 was violated. This trial judge actually conducted a full-blown hearing under 402. He actually covered every single basis. He covered the appeal rights. So my question to you is, on this record, are you suggesting that there would be questions about the voluntariness of this guilty plea if it was simply someone speaking English and a judge discussing? I don't think so, if I understand Your Honor's question. I mean, I'm not saying that the judge didn't properly advise him. The question is whether it was properly translated to him, such that he understood it. So we don't know what admonitions he was actually given by the translator. I don't see how a judge could ever do his job based on what you're suggesting for an appeal. Unfortunately, I think that the court- I don't ever guarantee. I don't speak Spanish. I have taken numerous guilty pleas over the years, but I could not do my job based on your suggestions here, that any time a Spanish-speaking defendant says that the interpreter, that he didn't explain this to me, I could never, ever take a plea. I couldn't do it because I don't speak Spanish. But I have to trust the system. I have to trust every officer of the court. And there's no suggestion, as Justice House has indicated, that anyone didn't do their job. But under your suggestion in this appeal, no judge could take a plea, in my opinion, if a person is speaking Spanish and an interpreter is sworn and translates from Spanish to English and English to Spanish. I don't see how any judge could ever do their job. So I don't see the record. I think the record rebuts this because of the way that it was conducted, the careful admonitions that were given, the answers to those questions, where the defendant indicated that his concern was that he get every day that he had served already. There was a discussion about the facts of the case. This involved his own natural child. There was an extensive discussion of that during the proceedings. But I don't see how anyone could do their job in court, take a plea, when this was an example of following Rule 402 completely, following 604. So I don't see how this record doesn't refute everything you're saying. There's no suggestion that the interpreter didn't do his job. And I don't know what you're suggesting. You're suggesting that unless someone is there to verify it, that the defendant's statement that I didn't understand is sufficient to go forward. And I don't think it is without more. So, anyway, we'll hear from the state. I'm done with my questions. Thank you, Your Honors. Thank you. Justice Burke, anything else? No, thank you. All right. Very well, then. Ms. Wakely, you may proceed when you're ready. Thank you. Summary dismissal in this case was proper and should be affirmed. The defendant has the burden to make a gist showing, and that burden includes to plead sufficient facts to support his allegations. A conclusory allegation is just not enough, and he has to offer some support for his claim. Defendant here says only, I was not adequately explained certain things. This was nothing but a vague and conclusory allegation. Notably, he does not say what he was told that was different from the record transcript, which shows full compliance with Rule 402. This information was not matters outside the record. These were information within his personal knowledge that he was required to present in support of his allegation. While pro se litigants do have the benefit of a very low pleading standard, it requires more than an unsupported and vague allegation, especially in a case where the record in this case fully rebuts his allegation. Defendants' cases, Starling and Alfaro, are instructive and actually support the dismissal in this case, where both courts rightfully found support for the claim in their respective records. For example, in Alfaro, the same claim was made, and a gist standard was found to have been met. But the court found critical in that case in reviewing the plea transcript that the record showed that there was no party in court that spoke Spanish. Here, we have a defense counsel that did speak Spanish, which totally distinguishes the critical factor that Alfaro found relevant in that case. In Starling, there was also indications in the record that the interpreter was clearly not interpreting accurately and overcame the presumption that the interpreter does his or her job, as well as follows his code of conduct. Here, there was no such indication. And again, a review of the record shows that Rule 402 was complied with and appropriate responses were given by the defendant, as well as the entire colloquy and the interaction of defendant addressing the court and asking questions. I mean, the defendant's claim basically is very, it says certain things I didn't understand, but the majority of the things I understood because the interpreter was doing it correctly. I mean, to accept the vague allegations in this case would open up the floodgates and basically allow any defendant to merely say, I, my interpreter didn't interpret with no evidentiary support. With respect to a question that Justice McBride asked regarding is there, should there be transcription of what the interpreter said in addition at the plea hearing? Well, that can go even further. Then is there going to be a claim that the transcriber did not appropriately interpret? And where does it end? I mean, at this stage, the case before this court is whether defendant has made his initial very low burden of pleading back sufficient to support his allegation. And the answer is a resounding no. And for those reasons, the people would ask that the summary dismissal be affirmed. Thank you, Justice McBride. Do you have any questions? No, I do not. Justice Berg, do you have any questions? No questions. All right. I have no questions either. Thank you. Miss Bowser, you have rebuttal time. Short rebuttal. I would just point out again that if we're looking at the record, what was translated in court, no one is saying anyone did anything wrong. But we do take it as true that this wasn't explained to him. And if that's correct, if this translator just messed something up, skipped something, didn't explain things, how is a defendant ever supposed to raise that when he learns what was actually supposed to be told to him if we don't let him bring in these outside-of-the-record things? It isn't going to create a situation where every single defendant gets to raise this. But if that did, in fact, occur, which we do assume is true, the Post-Conviction Act and having the evidence you're hearing is the only way he can possibly prove that and show that. So I would ask that your honors reverse the summary dismissal and advance the case to the second stage and appoint counsel. All right. Anything further, Justice McBride or Justice Burke, based on what happened? No. Okay. All right. Very well. We will take this case under advisement. The parties argued both well. And it's an interesting case. And we will take it under advisement and issue a decision in due course. Thank you very much.